148 So. 753

## QUALLS v. MONROE COUNTY BANK.
### 1 Div. 96.

Court of Appeals of Alabama.

April 4, 1933.

Rehearing Denied June 6, 1933.

J. D. Ratcliffe, of Monroeville, for appellant.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellee.

RICE, Judge.

Suit by appellee against appellant on a promissory note purporting to have been signed, etc., by A. J. Qualls, appellant's intestate, etc.

The execution of the note sued on was denied by sworn plea. Code 1923, § 9471. This placed the burden upon appellee to prove the execution of the said instrument. Code 1923, § 7663.

The evidence adduced upon this issue, i. e., the execution, etc., vel non, by appellant's intestate, of the note, without objection, so far as the bill of exceptions discloses, made it a proper one to be submitted to the jury for decision. McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135.

In this situation appellee was allowed, over appellant's timely objection, to introduce in evidence "merely as corroborating the question of the execution of the note, the mortgage of these same Frys (the parties with whom, jointly, appellant's intestate A. J. Qualls, was alleged, and apparently shown, to have executed the note sued on, we interpolate) and A. J. Qualls, bearing date of Feb. 23, 1926 (the same date borne by the note sued on, we again interpolate) * * * and given to secure the payment of this note (referring to the note sued on, we once more interpolate)."

This mortgage, so introduced in evidence, was in no wise shown to have been executed by appellant's intestate, though his name, by mark, appeared at its foot, etc. Due exception was reserved to the action of the court indicated. And it seems to be conceded that it was erroneous.

The trial court in overruling appellant's motion to set aside the verdict of the jury, etc., recites in its judgment that the same was "refused and overruled under the influence of Supreme Court Rule 45"; thereby, as we take it, indicating that it, as well as counsel in the cause, concedes that its action with reference to the above-mentioned mortgage, etc., was erroneous.

But we do not agree that Supreme Court Rule 45 can save a reversal of the judgment appealed from. We do not propose to write a thesis on this salutary rule, but merely content ourselves with the observation that it was not, in our opinion, promulgated with a view to—at one stroke of the pen, so to speak—transforming courts of law into courts of chancery, if indeed, that would save this judgment from reversal.

We may only review rulings made the basis of exceptions, and assignments of error duly and properly argued here. Upon another trial, not only will the ruling above mentioned not occur, but the "corrections" indicated by Code 1923, § 7721, will doubtless be made by the learned, and, usually, very careful trial judge.

For the error stated, the judgment must be, and is, reversed, and the cause remanded.

Reversed and remanded.